**Stanley W. McPHERSON,**
**Plaintiff–Appellant,**

v.

**J. BELLENDINE, Corrections Officer,**
**et al., Defendants–Appellees,**

**Philip Coombe Jr., Commissioner,**
**Department Of Corrections,**
**et al., Defendants.**

No. 06–5284–pr.

United States Court of Appeals,
Second Circuit.

Sept. 9, 2008.

Andrew M. Cuomo, Attorney General of the State of New York, Barbara D. Underwood, Solicitor General, Peter H. Schiff, Senior Counsel, Denise A. Hartman, Assistant Solicitor General, Albany, NY, for Appellee.

PRESENT: Hon. ROBERT D. SACK, Hon. ROBERT A. KATZMANN, Circuit Judges, and Hon. JED S. RAKOFF, District Judge.*

### SUMMARY ORDER

Plaintiff-appellant Stanley McPherson, a New York State prisoner, brought this action against corrections officials alleging that he is being exposed to harmful environmental tobacco smoke in violation of the Eighth Amendment. This is an interlocutory appeal from the district court's order (a) denying McPherson's motion for leave to amend his complaint to add new defendants, and (b) denying his motion for a preliminary injunction ordering the defendants to provide him with a smoke-free prison environment. We assume the parties' familiarity with the facts and procedural history of this case and the scope of the issues presented by this appeal.

I

■ We lack appellate jurisdiction to review the district court's decision denying McPherson leave to amend his complaint. *Kahn v. Chase Manhattan Bank, N.A.*, 91 F.3d 385, 387–89 (2d Cir.1996). Although the denial of a preliminary injunction is subject to interlocutory appeal, *see* 28 U.S.C. § 1292(a)(1), the denial of leave to amend is not. We therefore dismiss McPherson's appeal insofar as it challenges the district court's order denying

Stanley W. McPherson, Auburn, NY, pro se.

* The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

**24**

him leave to amend. Our dismissal is without prejudice to McPherson's ability to challenge the district court's order on appeal from a final judgment.

## II

■ "We review the denial of a preliminary injunction for abuse of discretion." *Doninger v. Niehoff*, 527 F.3d 41, 47 (2d Cir.2008). Where, as here, "the injunction sought 'will alter, rather than maintain, the status quo,'" "[t]he moving party must make a 'clear' or 'substantial' showing of likelihood of success on the merits." *Jolly v. Coughlin*, 76 F.3d 468, 473 (2d Cir.1996) (quoting *Tom Doherty Assocs., Inc. v. Saban Entm't, Inc.*, 60 F.3d 27, 33–34 (2d Cir.1995)). Upon review of the record, we conclude that the district court did not abuse its discretion in determining that McPherson failed to make such a showing.

\*    \*    \*

For the foregoing reasons, the plaintiff's appeal is DISMISSED in part and the judgment of the district court is AFFIRMED in part.